IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-258-FL

| | |
|---|---|
| CAROL TARRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 20, 23). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), wherein it is recommended that the court grant plaintiff's motion and deny defendant's motion. Defendant timely objected, and the issues raised are ripe for ruling. For the reasons that follow, the court grants plaintiff's motion, denies defendant's motion, and remands this case to defendant for further proceedings.

**BACKGROUND**

Plaintiff filed an application for supplemental security income on September 23, 2016. alleging disability beginning that same date. Plaintiff's application was denied both initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), and the ALJ held a video hearing on February 21, 2019. The ALJ denied plaintiff's claims by decision entered April 27, 2019. The Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then commenced the instant action seeking judicial review on June 13, 2020.

## COURT'S DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include

---

[1]   Internal citations and quotation marks are omitted from all citations unless otherwise specified.

a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 23, 2016. At step two, the ALJ found that plaintiff had the following severe impairments: asthma; obesity; fibromyalgia; degenerative disc disease of the lumbar spine with spondylosis and radiculopathy; somatic dysfunction of the lumbar, thoracic and cervical region; degenerative disc disease of the cervical spine with spondylosis; left hip degenerative joint disease; left shoulder degeneration; major depressive disorder; adjustment disorder with mixed anxiety and depressed mood; anxiety disorder; and attention-deficit/hyperactivity disorder (ADHD). However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations:

> she must be allowed to stand up to five minutes after every thirty minutes of sitting and to sit down up to five minutes after every thirty minutes of standing, while remaining on task. She can frequently operate hand controls, reach, push or pull, handle, finger, and feel with both upper extremities. She can occasionally push or pull, or operate foot controls with both lower extremities. She can occasionally push or pull, or operate foot controls with both lower extremities. She can occasionally kneel, crouch, stoop, balance and crawl. She can occasionally climb stairs and ramps. She can never climb ladders, ropes and scaffolds and can never be exposed to unprotected heights and moving mechanical parts. She can have occasional exposure to dust, mists, gases, noxious odors, fumes, pulmonary irritants and poor ventilation. She can tolerate occasional exposure to vibration. In addition, she is able to understand, carry out and remember simple instructions, and simple work-related decisions. She will be off task ten percent of the workday.

(Tr. 46). At step four, the ALJ concluded plaintiff has no past relevant work. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Defendant objects to the magistrate judge's determination that remand is required because the ALJ failed to properly explain how plaintiff's moderate limitations in concentration, persistence, and pace impacted the RFC determination, including ten percent off task limitation. The magistrate judge thoroughly and cogently determined that the ALJ's decision did not include an explanation permitting meaningful review. Therefore, upon de novo review of the record and the M&R, the court adopts the M&R as its own. The court writes separately to address arguments raised in defendant's objections.

Defendant cites to <u>Reed v. Astrue</u>, No. 10 C 0001, 2011 WL 3895302, at *13 (N.D. Ill. Aug. 31, 2011) and <u>Wennersten v. Colvin</u>, No. 12-CV-783-BBC, 2013 WL 4821474, at *3 (W.D. Wis. Sept. 10, 2013) for the propositions that "there is no specific formula for translating the record evidence into a particular percentage deficit," and that "lack of precision is not a reason to reverse the decision." (Obj. (DE 27) at 3). However, <u>Reed</u> and <u>Wennersten</u> are inapposite for critical reasons. First, in <u>Reed</u>, the court determined that a 10% deficit was "supported in the record <u>and explained in the ALJ's decision</u>." 2011 WL 3895302 at *13 (emphasis added). Because the court in <u>Reed</u> did not describe how the ALJ explained the 10% deficit, <u>Reed</u> is not a helpful comparison here. Second, <u>Wennersten</u> did not discuss the standard in this circuit for an adequate explanation, particularly that the ALJ "must build an accurate and logical bridge from the evidence to his

5

conclusion," and must "include a narrative discussion describing how the evidence supports each conclusion." Monroe, 826 F.3d at 189.

Defendant also cites to Welch v. Saul, No. 1:19-CV-189-DCK, 2020 WL 4586882, at *8 (W.D.N.C. Aug. 10, 2020), as an example of a case where a "[p]laintiff did not meet the burden of proving further functional limitations" as it pertained to a ten percent off-task limitation. As an initial matter, Welch does not discuss the ALJ's duty to explain, as required by Monroe. See id. In any event, plaintiff here did bring forth evidence tending to show further functional limitations as it pertains to a ten percent off-task limitation. Plaintiff has extensive treatment records for pain due to trigeminal neuralgia, including history of "[r]ight facial pain almost daily" (Tr. 557) and pain "in her face right side of face . . . like someone is stomping on her face and shoots through her ey[e]s and nasal cavity to the other side of [f]ace," severity 8/10 ongoing for four or five years as of November 29, 2018. (Tr. 718). This pain, which is not referenced by the ALJ, is in addition to back pain and hip pain, for which treatment provided mixed relief as described by the ALJ. (Tr. 47)

A psychological testing report in May 2017 noted that plaintiff reported her "fibromyalgia, trigeminal neuralgia, and severe migraines . . . has had an impact on her depressive symptoms due to her frustration and stress managing these health issues." (Tr. 1178). The same report noted an assessment of impulsivity, inattentiveness, and vigilance issues. (Tr. 1183-1184). It states plaintiff's "symptoms appear to be within the moderate range and [plaintiff] reported significant ongoing health issues that are likely contributing to her mood symptoms." (Tr. 1187). "Factors that are often affected by attention were less adept than [plaintiff's] other cognitive abilities, <u>further substantiating her report of inattention and difficulty remaining focused</u>." (Tr. 1187-88) (emphasis added).

In addition, in contrast to Welch, where the "[p]laintiff had an Associate of Arts degree – which required a certain ability in attention, concentration, and persistence to obtain," 2020 WL 4586882, at *8, plaintiff here has a high school diploma, was homeless for a time, and normally spends her time watching television or playing video games, (Tr. 67, 78, 718). Plaintiff testified that her "[c]omplete face and head pain" due to "trigeminal neuralgia" limits eating and talking, and causes headaches at least three times a week, at which point she will "lay down and cover up." (Tr. 68-69).

Moreover, additional conflicts in the ALJ's analysis preclude meaningful review. For example, the ALJ notes that plaintiff's daily activities "indicate that the claimant is able to concentrate, pay attention, and maintain pace," (Tr. 49), but the ALJ concludes that plaintiff has "no more than a moderate limitation in her ability to maintain concentration, persistence, or pace." (Tr. 45). Further, the ALJ gave some weight to the opinion of a state psychological consultant, who "opined that the claimant was capable of completing simple, routine repetitive tasks," but the ALJ concludes that plaintiff's "generalized anxiety disorder, ADHD, and major depressive order all . . . affect[] her ability to pay attention, concentrate, and maintain pace." (Tr. 50).

In sum, in light of the foregoing evidence and conflicts, the lack of any explanation by the ALJ for the ten percent off-task limitation precludes meaningful substantial evidence review.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 26) over defendant's objections. Plaintiff's motion for judgment on the pleadings (DE 20) is GRANTED and defendant's motion for the same (DE 23) is DENIED. This case is REMANDED to defendant pursuant to sentence four of § 405(g). The clerk is DIRECTED to close this case.

SO ORDERED this 28th day of September, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge